UNITED STATES of America, Appellee,

v.

William Michael SHAHANE, Appellant.

No. 74–1902.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1975.

Decided June 18, 1975.

Certiorari Denied Oct. 14, 1975. See 96 S.Ct. 191.

Jack S. Nordby, St. Paul, Minn., for appellant.

Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, JONES, Senior Circuit Judge,* and HENLEY, Circuit Judge.

HENLEY, Circuit Judge.

In November, 1973 William Michael Shahane was indicted by a federal grand jury in the District of North Dakota on a charge of having imported into the United States from Mexico by mail a substantial quantity of marijuana in liquid form in violation of 21 U.S.C. §§ 952(a) and 960(a)(1). The offense was alleged to have been committed on or about April 20, 1973.

Shahane was tried to a jury which found him guilty; he was sentenced to imprisonment for two years in a jail or treatment type institution with one month of the sentence to be served; execution of the remainder of the sentence was suspended, and the defendant was placed on probation for a period of three years. The defendant has duly prosecuted this appeal from the judgment of the district court; the parties will be referred to as they appeared in that court.

The case against the defendant was entirely circumstantial and his primary contention here is that the district court [1] should have sustained his motion and renewed motion for the entry of a judgment of acquittal. Alternatively, defendant contends that the district court erred in overruling his motion for a new trial based upon alleged prejudicial nondisclosure by a juror in the course of voir dire examination.

In passing upon the propriety of the action of the district court in submitting the case to the jury and upon the question of the sufficiency of the evidence to sustain the verdict, we are required to view the evidence in the light most favorable to the government and to give the government the benefit of all inferences reasonably deducible from the evidence. *United States v. Powell*, 513 F.2d 1249 (8th Cir. 1975); *United States v. Cummings*, 507 F.2d 324 (8th Cir. 1974); United States v. Gaskill, 491 F.2d 981 (8th Cir. 1974).

---

* Warren L. Jones, United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. Bruce M. Van Sickle, United States District Judge, District of North Dakota.

The evidence introduced by the government established the following facts which are essentially undisputed.

On April 3, 1973 a paper-wrapped package mailed in the Republic of Mexico was received at the United States Customs Clearing House in El Paso, Texas. The package was addressed to Raymond Romo in care of "The Malones," Glenburn, North Dakota, and it bore the return address of Senora Maria Guzman, Independencia 214 # B, Culiacan, Sinaloa, Mexico.

Attached to the container was a Mexican customs declaration which stated that the contents were a cotton shirt, a cotton blouse, and two jars of "Mole" which is a Mexican condiment resembling barbeque sauce. The value of the contents was stated to be 280 pesos which is about $16.00 in American money.

The package first came to the attention of Abel Flores who is employed by the Customs Service. One of the duties of Flores is to open incoming packages and inspect the contents, primarily for the purpose of determining whether or not they are subject to United States customs duties. Occasionally a package is suspected of containing contraband and may be searched to discover whether it contains prohibited material. One of the things that will prompt a "contraband search" is a valuation of contents which appears to be either too high or too low in relation to the nature or asserted nature of the contents listed on the customs declaration.

Mr. Flores thought that a valuation of $16.00 was excessive for a parcel containing nothing more valuable than a cotton shirt and blouse and two jars of Mole. Accordingly, he opened the parcel, which consisted of a cardboard box and contents wrapped with an inner and outer layer of paper. When Flores removed the wrappers and opened the box, he observed the two articles of clothing and the two jars.

The top of one of the jars had worked loose in transit and some of the liquid contents of the jar had leaked out. Flores is quite familiar with Mole and he knew at once that the substance that had leaked from the jar was not Mole. Suspecting that the substance was actually a contraband drug, he made a preliminary test and obtained a positive result.

A small sample of the substance was taken and sent to the Customs Service laboratory at San Antonio, and the package was properly secured until a report from the laboratory should be received. On April 17 the report was received and was to the effect that the substance contained in the jars was in fact what the government claimed at the trial was liquid marijuana or liquid hashish.[2]

Arrangements were then made with the postal authorities for the package to resume its journey in the mails to Glenburn which is a small town in the vicinity of Minot, North Dakota. The parcel arrived at Glenburn on April 20 in a special sealed mail pouch which was opened by a Postal Inspector in the presence of a Special Agent of the Customs Service. The package was removed from the pouch and was placed on a shelf in the post office as it would have been placed for delivery in the normal course of business and was kept under observation by one or more of the officers involved in the investigation.

Not too long after the package was placed on the shelf, it was picked up by Mrs. Alice Malone who carried it to her home. She was observed by a Customs Special Agent to carry the package into the house. When he saw her enter the house, he notified another Special Agent by radio that the package was in the house, and he kept the house under observation for some three hours until other officers arrived armed with a search warrant, the validity of which is not questioned here.

2. One of the contentions advanced by the defendant at the trial was that the substance in question was not in fact contraband. However, that contention is not urged here.

The officers entered the house and found the parcel in the bedroom of Barbara Malone, presumably the daughter of Mrs. Alice Malone. The daughter was later placed under arrest.[3]

Additional samples of the contents of the jars were obtained, and those samples were sent to the Customs laboratory in Chicago for further analysis. That analysis, like the one in San Antonio, indicated that the substance was marijuana.

It will have been observed that up to this point no mention has been made of the defendant. However, the record reflects that at some time after the search of the Malone house and the seizure of the package, federal officers obtained from military records and from records of the University of North Dakota known specimens of the defendant's handwriting and known finger and palm prints of the defendant.

Those known prints and specimens were sent to the F.B.I. laboratory in Washington, D. C. for comparison with certain latent prints that had been found on the cardboard box and on the inner wrapping of the parcel and with the handwriting appearing on the outer wrapping. The F.B.I. found that a latent palm print discovered on the box and a single finger print discovered on the inner wrapping were those of the defendant. The F.B.I. also found that all of the handwriting on the outer wrapping was that of the defendant.

At the trial of the case the government introduced competent and substantial evidence to prove the facts that have been related and rested. The defendant moved for the entry of a judgment of acquittal, which motion was denied. The defendant then rested and renewed his motion. The district court reserved ruling on the renewed motion and sent the case to the jury. After the verdict was returned, the defendant filed a formal written motion for a judgment of acquittal notwithstanding the verdict, or, alternatively, for a new trial.

Section 952 of Title 21, U.S.C., prohibits the importation into the United States of certain drugs and substances, including marijuana, and § 960 provides that any person who "knowingly or intentionally" violates § 952 shall be deemed guilty of a felony.

In view of the language of the statute the defendant contends that it was incumbent on the government to prove by competent evidence and beyond a reasonable doubt not only that the defendant handled the package containing the marijuana but also that he knowingly or intentionally mailed the package to an address in the United States, or that he knowingly caused someone else to do so, or that he knowingly aided or abetted someone else in the mailing. In short, the defendant contends that the government was required to prove not only that he handled the parcel but also that he knew at the time what it contained. And the defendant contends that the evidence fell short of establishing guilty knowledge or intent on his part.

The position of the government is that the defendant's unexplained handling of the package in Mexico warranted the jury in finding that he was aware of the contents at the time, and that he intended to cause the drug to be imported into this country illegally.

It is obvious that the jury found that the defendant had handled the package in Mexico, and there is no question that the circumstantial evidence relied on by the government justified that finding; indeed, the defendant does not appear to contend to the contrary. The position of the defendant is that his handling of the parcel prior to its mailing is as consistent with innocent ignorance of the contents of the package as it is with guilty knowledge of what the parcel contained,

---

**3.** The record made in connection with the hearing on defendant's motion for a new trial in this case indicates or at least suggests that Barbara Malone was charged in federal court with some offense on the basis of her possession of the marijuana and that she entered a plea of guilty.

and that the district court should not have submitted the case to the jury. The defendant further contends that to permit the jury to infer guilty knowledge and intent from the fact of handling, proved by circumstantial evidence, violated the rule that one inference cannot be based on another inference.

It may be conceded to the defendant that the government's proof was not as strong as it might have been. There is no evidence, either direct or circumstantial, as to what the defendant was doing in Mexico in April, 1973 or as to what relationships or contacts he had in that country. There is no evidence as to whether the person whose name appeared on the return address on the package or the person to whom it was addressed was a real person or a fictitious person; there is no direct evidence that the defendant handled or even saw the contents of the cardboard box. There is no evidence of any connection between the defendant and the Malone house in Glenburn or between the defendant and either or both of the Malone women who have been mentioned. There is no evidence as to whether the defendant himself lived in Glenburn or whether he had ever been there. There is no evidence as to why the latent prints found on the box and the handwriting on the outer wrapping were compared with the known prints and handwriting of the defendant rather than with those of someone else.

■ In *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), the Supreme Court held that circumstantial evidence does not differ in principle from direct evidence, and that in order for a jury to convict on circumstantial evidence it is not necessary that the evidence exclude every reasonable hypothesis except that of guilt but simply that it be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty. We, of course, are bound by that decision and have recognized it in post-*Holland* cases. *See, e. g., United States v. Kye*, 411 F.2d 120, 122

(8th Cir. 1969) and *United States v. Francisco*, 410 F.2d 1283 (8th Cir. 1969). *See also* the dissenting opinion of Judge (now Mr. Justice) Blackmun in *United States v. Jones*, 418 F.2d 818, 828–29 (8th Cir. 1969).

Notwithstanding *Holland*, this court has held in a number of cases that when a district court in a circumstantial case is faced with a defense motion for the entry of a judgment of acquittal and where it appears that the evidence relied on by the government is as consistent with innocence as it is with guilt, it is the duty of the district court to grant the motion or to set aside a verdict of guilty if the case is submitted to the jury under a reservation of ruling, as was done in this case. *United States v. Steinhilber*, 484 F.2d 836 (8th Cir. 1973); *United States v. Williams*, 470 F.2d 1339 (8th Cir.), *cert. denied*, 411 U.S. 936, 93 S.Ct. 1912, 36 L.Ed.2d 396 (1973); *United States v. Kelton*, 446 F.2d 669 (8th Cir. 1971); *United States v. Jones, supra; Lerma v. United States*, 387 F.2d 187 (8th Cir.), *cert. denied*, 391 U.S. 907, 88 S.Ct. 1658, 20 L.Ed.2d 421 (1968).

It has been suggested that the cases just cited represent a departure from *Holland*, and in his dissent in *Jones, supra*, Judge Blackmun expressed concern at the "circumlocution" of *Holland*, 418 F.2d at 829. And it has also been suggested that there may be some conflict between those decisions and other decisions of this court in which *Holland* has unquestionably been followed.

■ We find it unnecessary to explore or decide those questions in this case because we are convinced that whatever approach is taken in conformity with *Holland* the government's proof, in spite of its deficiencies which have been mentioned, was strong enough to take the case to the jury and to sustain the verdict of the jury.

Here, the defendant went into Mexico, which is a prime source of marijuana illegally imported into this country. While there, he handled a package containing the drug; he addressed the pack-

age to a person in North Dakota, and he gave the return address of a Mexican woman. The parcel apparently came undisturbed into the hands of American customs officials at El Paso and was found to contain the drug. In our opinion defendant's connection with the package in Mexico called for explanation, and when none was forthcoming the jury was warranted in inferring that the defendant knew what was in the box and acted with criminal purpose and intent.

The jury's finding in this case that the defendant knowingly or intentionally imported or caused to be imported into this country the two jars of liquid marijuana described in the indictment and in the evidence was necessarily based upon the finding that the defendant had handled the package containing the drug while the package was in Mexico, a fact that was established by circumstantial evidence. While that underlying finding may be called an "inference," we do not agree with counsel for the defendant that the ultimate finding of guilty knowledge and intent was an impermissible building of one inference upon another.

The rule that one inference cannot be based on another inference and that one presumption cannot be based on another presumption is based on a recognition that when human beings are called upon to draw conclusions from proved facts they may err or speculate, or do both. And the chance of error or speculation increases in proportion to the width of the gap between underlying fact and ultimate conclusion where the gap is bridged by a succession of inferences, each based upon the preceding one.

■ It is too much to say, however, that an inference is necessarily invalid or impermissible because it is based on a fact established in whole or in part by a preceding inference. And the rule in question, as a "rule of evidence," has been discarded in several circuits: *United States v. Harris,* 140 U.S.App.D.C. 270, 435 F.2d 74 (1970), *cert. denied,* 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 152 (1971); *United States v. Ravich,* 421 F.2d 1196 (2d Cir.), *cert. denied,* 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970); *DeVore v. United States,* 368 F.2d 396 (9th Cir. 1966); *Dirring v. United States,* 328 F.2d 512 (1st Cir.), *cert. denied,* 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052 (1964). The present status of the "rule" in this circuit is at best questionable. *United States v. Bloom,* 482 F.2d 1162 (8th Cir. 1973).

Here, the fact that defendant had handled the package containing marijuana before it left Mexico was proven by evidence relating to his palm and finger prints and to his handwriting. But that fact would have been no more reliably established had it been proved by eyewitnesses testifying to having seen the defendant with the package in his hands. And we do not think that the jury should have been denied the opportunity to draw from that fact such inferences as appeared proper to the jury simply because the fact was proved by circumstantial rather than by direct evidence.

In view of what has been said, we conclude that the evidence was sufficient to carry the case to the jury and to sustain the verdict. Therefore, the district court did not err in denying defendant's motion and renewed motion for the entry of a judgment of acquittal. It now becomes necessary to determine whether the district court erred in denying defendant's motion for a new trial.

The trial of the case began and the jury was selected on August 26, 1974; the trial was completed on August 27. In the course of the selection of the jury the defendant used all of the ten peremptory challenges allowed him by Fed. R.Cr.P. 24. The voir dire examination of prospective jurors was conducted by the district court, and counsel for the defendant made no complaint as to the form or wording of the questions put to the panel and did not ask for any additional or more specific questions. One of the areas explored by the district court related to whether any of the prospective jurors would be biased or prejudiced by the nature of the offense charged against the defendant. The court's ques-

tions in that connective evoked no response from the panel.

The juror with whom we are concerned, Blanche Burtman, was finally seated as a juror; the prospective juror who had sat next to her in the box, Barbara Aasen, was excused. In the course of the voir dire examination Burtman stated to Aasen that there was a question in her mind as to whether she could be an unbiased juror since she had no use for persons who use drugs and did not like "long haired lawyers," a remark evidently directed at defense counsel.

Information of the statements made by Burtman to Aasen came indirectly and at third or fourth hand to Judge Van Sickle on the second day of the trial, and he advised counsel as to what he had heard. It was agreed that nothing would be said about the matter at the time and that the trial should proceed to conclusion with the understanding that if the defendant should be found guilty, he would be free to complain about the juror by means of a motion for a new trial, which he did.

Judge Van Sickle held an evidentiary hearing on the motion. The only witness called to testify was Miss Aasen. In due course, the district court entered an order overruling the motion, and the order sets out fully the district court's findings of fact and conclusions of law.

■ The district court found that the juror Burtman adequately understood the questions put to the panel, that while she shared prevailing community views with regard to hair length and drug use or abuse, she was not thereby rendered incapable of giving the defendant a fair trial, and that her views actually were not so emphatic as to require disclosure, and that her failure to disclose them did not in fact prejudice the defendant in his right to an impartial jury or in connection with his attorney's exercise of peremptory challenges.

In reviewing the determination of the district court, the standard that we apply is a narrow one. *See, United States v. Johnson,* 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946); *United States v. Coleman,* 460 F.2d 1038 (8th Cir. 1972); *United States v. McWilliams,* 421 F.2d 1083 (8th Cir.), *cert. denied,* 397 U.S. 1070, 90 S.Ct. 1515, 25 L.Ed.2d 694 (1970); *Dranow v. United States,* 307 F.2d 545 (8th Cir. 1962); *Johnson v. United States,* 291 F.2d 150 (8th Cir.), *cert. denied,* 368 U.S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961). We have considered the record made in the district court, and we do not find that that court misconceived the applicable law, or that its findings on the point in question are without evidentiary support, or that the denial of defendant's motion for a new trial involved any abuse of discretion.

Since we find no error in the proceedings below, the judgment of the district court is affirmed.