UNITED STATES of America,
Appellee,

v.

Kenneth SNOW, Appellant.

No. 75–1392.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1975.

Decided Nov. 19, 1975.

Certiorari Denied March 8, 1976.

See 96 S.Ct. 1432.

Thomas M. Bradshaw, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

Anthony P. Nugent, Jr., U. S. Asst. Atty., Kansas City, Mo., for appellee.

Before GIBSON, Chief Judge, VAN PELT,* Senior District Judge, and NANGLE,** District Judge.

VAN PELT, Senior District Judge.

This is an appeal from a conviction after a jury trial on Count II of an indictment charging appellant and Louise Dennis with the distribution of heroin in violation of 21 U.S.C. § 841(a)(1).[1] Prior to appellant's trial, Louise Dennis pled guilty to another count of the indictment with the Government agreeing to dismiss Counts II and III at the time of her sentencing.

The only issue presented on appeal is whether the Government presented sufficient evidence to establish appellant's guilt beyond a reasonable doubt.

The purchase relied upon was made on July 23, 1974, by a government informant and witness, Sandra Jackson. She was first searched, fitted with a recording device, and provided with $75 in bills, the serial numbers and denominations being recorded at the Kansas City, Missouri, Drug Enforcement Administration Office. The interior of her car was also searched prior to its leaving the D.E.A. garage.

D.E.A. Agent Conner maintained constant surveillance on the Jackson automobile and followed it to the residence of Louise Dennis. There Mrs. Dennis joined Mrs. Jackson, who did not leave the car, having honked for Mrs. Dennis,

---

* The Honorable Robert Van Pelt, United States Senior District Judge for the District of Nebraska, sitting by designation.

** The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

1.  (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; * *.

and they proceeded in the car to a drive-in restaurant for the purpose, as stated by Mrs. Jackson, "to purchase heroin." Both women entered the restaurant. Mrs. Dennis went up and talked to appellant, who was already in the drive-in. Another agent also observed Mrs. Dennis conversing with the appellant inside the restaurant. After a few moments, appellant and Mrs. Dennis walked outside and continued their conversation. This was about 9:30 in the evening.

Three witnesses testified to an exchange between the appellant and Mrs. Dennis. Agent Conner, observing through binoculars from a distance of between one-half block and three-fourths of a block, was unable to determine what was exchanged, except that it appeared that Mrs. Dennis gave something "flat" to the appellant and in turn appellant gave Mrs. Dennis something. D.E.A. Agent Sprouse observed the transaction from inside the restaurant, being approximately 25 feet away. He saw Mrs. Dennis hand the appellant money and receive something in return. The informant, Mrs. Jackson, also saw Mrs. Dennis hand appellant some money and observed the appellant handing Mrs. Dennis a "very small package." She was only a few feet away from the pair at the time.

The two women then returned to the car and Mrs. Jackson took Mrs. Dennis back to her residence. Mrs. Dennis had three tinfoil packets of heroin when she got back in the car and gave the informant two of them. The third packet was kept by Mrs. Dennis as "payment for going." "That was her payment for getting the heroin," according to Mrs. Jackson, who also testified that this was the only heroin Mrs. Dennis gave Mrs. Jackson that evening.

After taking Mrs. Dennis to her apartment, the informant returned to the D.E.A. office where she gave the two packets to agents. She and her automobile were again searched by D.E.A. agents.

Appellant testified that he never met Mrs. Dennis and Mrs. Jackson at the drive-in in the evening, but that he did see them there around twelve or one in the afternoon. He stated that he talked to Mrs. Dennis, who wanted the keys for her car which he had; that Mrs. Dennis gave him no money. Appellant did not testify to giving any keys to Mrs. Dennis; and as to the evening transaction testified to by three witnesses, said he gave nothing to Mrs. Dennis because he wasn't there.

■ Appellant agrees that an appellate court reviewing the record in criminal cases must "view the evidence in the light most favorable to the verdict rendered and must accept as established all reasonable inferences from the evidence that tend to support the action of the jury." *United States v. Frol*, 518 F.2d 1134, 1137 (8th Cir. 1975); *United States v. Buckhanon*, 505 F.2d 1079 (8th Cir. 1971); *United States v. Overshon*, 494 F.2d 894 (8th Cir.), *cert. denied*, 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974). However, it is his contention that the evidence viewed in such light is as consistent with innocence as with guilt and under current case law acquittal is mandatory. *See, United States v. Kelton*, 446 F.2d 669 (8th Cir. 1971); *United States v. Williams*, 470 F.2d 1339 (8th Cir.), *cert. denied*, 411 U.S. 936, 93 S.Ct. 1912, 36 L.Ed.2d 396 (1973); *United States v. Steinhilber*, 484 F.2d 386 (8th Cir. 1973).

■ There is no direct evidence establishing that the appellant gave Dennis the three packets of heroin. However, it is well established that commission of a crime may be established by and the conviction thereof may rest solely upon circumstantial evidence. *United States v. Robinson*, 419 F.2d 1109 (8th Cir. 1969). The Government presented sufficient circumstantial evidence, as above outlined, for the jury to find that on July 23, 1974, the appellant sold heroin to Louise Dennis and Sandra Jackson. As this court has recently stated in *United States v. Shahane*, 517 F.2d 1173, 1177 (8th Cir. 1975):

In *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150

* . * * (1954) the Supreme Court held that circumstantial evidence does not differ in principle from direct evidence, and that in order for a jury to convict on circumstantial evidence it is not necessary that the evidence exclude every reasonable hypothesis except that of guilt but simply that it be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty.

Appellant contended at the trial that he saw Mrs. Dennis at the drive-in at noon and that "she wanted the car keys to her car." He never said he gave them to her. The fact that three people testified to a nighttime transaction and saw appellant deliver something to Mrs. Dennis after receiving money from her would justify, if believed, the jury in disbelieving his testimony, including his denial of selling or giving any heroin to Mrs. Dennis at the drive-in. It is argued that either the informant Jackson or co-defendant Dennis could have had the heroin concealed on their person before meeting the appellant. There is no evidence to that effect, however. The conclusion from Mrs. Jackson's testimony is to the contrary. The jury had sufficient circumstances before it to conclude that the package given Mrs. Dennis by appellant contained the two packets of heroin later delivered to the government agents and the one packet kept by Mrs. Dennis as her payment.

The jury observed all the witnesses. They concluded Mrs. Jackson's testimony was believable. It, with the accompanying circumstances above outlined, as testified to by the agents, was sufficient. It is the view of this court on reading the record that the evidence is more consistent with a guilty verdict than with an acquittal.

The trial court properly denied the motion for judgment for acquittal and new trial.

The conviction and sentence are affirmed.