UNITED STATES of America, Appellee,

v.

Johnnie JOYNER, Appellant.

No. 76–1141.

United States Court of Appeals,
Eighth Circuit.

Submitted June 18, 1976.

Decided July 29, 1976.

Lanny M. Proffer, St. Louis, Mo., for appellant.

Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for appellee. Barry A. Short, U. S. Atty., St. Louis, Mo., on brief.

Before BRIGHT, ROSS and STEPHEN-SON, Circuit Judges.

STEPHENSON, Circuit Judge.

This direct criminal appeal is taken from a jury's verdict of guilty on an indictment charging appellant Joyner with the knowing concealment, removal and conversion with intent to defraud of a truck tractor mortgaged to the Small Business Administration (SBA) having a value in excess of $100, a violation of 15 U.S.C. § 645(c). Appellant alleges that errors in the indictment, in the conduct of the trial, and in the instructions to the jury compel reversal of this conviction. In addition, appellant contends that the evidence was insufficient to sustain the verdict and that his conduct was not inconsistent with innocence and therefore would not support a finding of guilt. We affirm.

In 1971, appellant Joyner applied for and received a loan of $25,000 from the SBA under the Economic Opportunity Loan Program. Under the terms of the loan agreement, repayment was to be made in monthly installments of $338 over eight years. Joyner applied the proceeds of the loan to the purchase of a used tractor and trailer for his use in interstate trucking. Only the tractor is involved in this action.

The loan was evidenced by a promissory note to the SBA signed by Joyner and by a security agreement pursuant to which the SBA was granted a security interest in the vehicle. Joyner's place of business as listed on those documents was an address in St. Louis, Missouri. The truck was titled in Missouri under Joyner's name. Subsequently an Indiana title was obtained at Joyner's request with SBA consent and assistance.

The loan, made on July 30, 1971, initially became delinquent in January 1972. Sporadic payments were made between that date and April 1973 but the delinquencies were never made up. No further payments were received by the SBA after April 1973. Soon thereafter collection efforts were begun by the SBA. Contact with Joyner by mail was made through his St. Louis address. In response to the SBA's notice of delinquencies, Joyner proposed a repayment schedule in a letter dated July 15, 1973. However, the SBA's return letter agreeing to Joyner's proposals if certain conditions were met was never acknowledged.

On August 23, 1973, the SBA informed Joyner in a registered letter that the payments on his note were being accelerated

and that the remaining principal plus interest was due. Receiving no response to this letter and being unable to locate Joyner, the SBA office in St. Louis referred the matter to the Security Investigation Division on October 2, 1974.

As a result of this referral, Joyner was located by FBI agents at his place of employment in East Chicago, Indiana, in early 1975. He was interviewed by these agents on two occasions regarding the delinquent SBA loan and the status of the collateral. At both interviews Joyner was advised orally of his *Miranda* rights and, although he declined to sign the written waiver, he stated that he understood his rights and was willing to speak with the agents. In the course of the first interview Joyner admitted that he had the tractor stored in the Gary, Indiana, area, but stated that he would not reveal its location to the agents.

Shortly after this initial interview, Joyner contacted the SBA office in St. Louis. At that time he was informed that the SBA would not consider any further compromise offers. A formal demand for return of the tractor and trailer was made at that time. Joyner indicated that the truck was currently out on the road but that he would bring it to St. Louis when it was returned to him.

A second interview with Joyner was conducted by the FBI agents in May 1975. At that interview Joyner reiterated that the truck was being stored in the Gary area but still refused to disclose its location to the agents. He asserted that he would try once again to "straighten the matter out" with the SBA. However, Joyner made no further contact with the SBA. The tractor was discovered in a fenced parking lot in Gary, Indiana, at a time subsequent to Joyner's arrest and indictment on these charges.

In a one-count indictment handed down on October 30, 1975, Joyner was charged by a federal grand jury with violating 15 U.S.C. § 645(c). Trial on these charges was held on January 19 and 20, 1976, and resulted in Joyner's conviction. At sentencing, the trial court fined Joyner $1,000, suspended imposition of a sentence of imprisonment, and placed him on probation for three years. This appeal followed.

■ The first issue we address on this appeal is whether the misstatement in the indictment as to the time of the offense constituted reversible error. The indictment charged Joyner with committing the offense "[f]rom on or about the 18th day of September, 1975, and continuously thereafter up to and including the date of the return of this indictment." The government states that the indictment should have read "the 18th day of September, 1973," a date approximately one month after the acceleration of the note. Nonetheless, the government denies appellant's claim that this misstatement was misleading or that it prejudiced the preparation of Joyner's defense. We agree.

The offense with which appellant Joyner was charged in the instant case was a continuing one. The evidence in the record reveals that the truck was concealed through the date of the indictment. The government's proof as to Joyner's acts of concealment and withholding information prior to the date specified in the indictment was sufficient to show that Joyner's intent to defraud the SBA continued after that date, manifesting itself in his failure to divulge the whereabouts of the tractor. *Cf.* *United States v. Mercado,* 478 F.2d 1108, 1110 (2d Cir. 1973); *United States v. Owens,* 431 F.2d 349, 350–51 (5th Cir. 1970).

In addition, appellant's contention that he was misled by the misstatement of the date in the indictment is without merit. Appellant's counsel was given a virtually unlimited access to the prosecutor's files in this case. As a result, counsel was well aware of the nature and scope of the government's evidence against Joyner. Given this fact, we find no prejudice.

■ Finally, we note that as a general rule a variance between the date in the indictment and the proof is not fatal if the proof shows that the acts charged were committed on a date within the statute of limitations and prior to the return date of

the indictment, as long as the date was not a material element of the crime charged. *Jacobs v. United States,* 395 F.2d 469, 474 (8th Cir. 1968); *Whiteside v. United States,* 346 F.2d 500, 503–04 (8th Cir. 1965). *See United States v. Lane,* 514 F.2d 22, 27 (9th Cir. 1975); *Russell v. United States,* 429 F.2d 237, 238 (5th Cir. 1970). *See also Berger v. United States,* 295 U.S. 78, 83, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Those requirements were fully satisfied here.

Appellant next contends that the evidence adduced at trial was insufficient to sustain the jury's verdict. In making this contention, appellant focuses upon the fact that the indictment conjunctively charged Joyner with the removal and conversion of the truck in addition to alleging its concealment. It is urged that the absence of any specific proof on these elements other than concealment renders the conviction invalid. This contention is without merit.

It is well established that where "the statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction." *Gerberding v. United States,* 471 F.2d 55, 59 (8th Cir. 1973). *See also Turner v. United States,* 396 U.S. 398, 420 & n.42, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

■ With this principle in mind, we have reviewed the evidence in the light most favorable to the jury's verdict in the instant case according the government the benefit of all reasonable inferences which may be drawn therefrom. *United States v. Diggs,* 527 F.2d 509, 512 (8th Cir. 1975); *United States v. Shahane,* 517 F.2d 1173, 1174 (8th Cir. 1975). *See also Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). With regard to the concealment of the tractor with intent to defraud the SBA, the evidence showed that Joyner engaged in a course of conduct, including sequestration of the vehicle and deception through the use of misleading and contradictory statements, which prevented the SBA from ascertaining the location of the truck in which they had a valid security interest. This proof was wholly sufficient to sustain Joyner's conviction.

■ Related to the sufficiency of the evidence claim is Joyner's assertion that his conduct was consistent with innocence as well as guilt and therefore cannot support a conviction. Reliance on this maxim is misplaced. Even in a case based entirely on circumstantial evidence of guilt, which this is not, "it is not necessary that the evidence exclude every reasonable hypothesis except that of guilt but simply that it be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty." *United States v. Shahane, supra,* 517 F.2d at 1177. *See Holland v. United States,* 348 U.S. 121, 139–40, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *United States v. Diggs,* 527 F.2d 509, 512 (8th Cir. 1975); *United States v. Snow,* 525 F.2d 317, 318–19 (8th Cir. 1975). The *Holland* standard of guilt beyond a reasonable doubt has been met here.

■ Appellant further contends that the trial court erred in permitting the FBI agents to testify regarding his refusal during the two interviews to tell them where the truck was located. Joyner claims that his unwillingness to reveal the location of the truck was incident to his exercise of the right to remain silent as articulated in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and therefore should not have been used against him.

The record as to this issue clearly demonstrates that Joyner was not asserting his right to remain silent when he stated to the FBI agents at the interviews that he would not tell them where the truck was being kept. Joyner was apprised of his *Miranda* rights and responded that he understood them. With that knowledge he chose to answer questions. He admitted that he had the tractor stored in the Gary, Indiana, area and that it was accruing storage charges. His statement that he would not reveal the exact location of the truck was a direct answer freely given, not an ambiguous assertion of his right to remain silent. *Cf.*

*Doyle v. Ohio (Wood v. Ohio)*, —— U.S. ——, 96 S.Ct. 2240, 49 L.E.2d 91 (1976).[1]

■ The final contentions raised by appellant are insubstantial and deserve only passing comment. Appellant contends that the trial court erred in failing to grant a mistrial following an erroneous reference to a stolen property charge against Joyner made during trial by government witness Stanley. Following a defense objection which was sustained and a brief bench conference, the trial judge instructed the jury to disregard the statement because it was irrelevant and completely erroneous. In our view, any error arising out of this incident was harmless beyond a reasonable doubt. *United States v. Monteer*, 512 F.2d 1047, 1050–51 (8th Cir. 1975).

■ In addition, appellant asserts that the trial court's failure to instruct the jury as to the definition of the element of criminal removal constituted reversible error. We note that appellant's counsel did not enter an objection to the proposed instructions on this ground in the trial court. Further, although "remove" was not defined, the jury would have had to find removal "with intent to defraud" and this intent element was properly defined. We are satisfied that this minor definitional omission did not constitute plain error and neither was it prejudicial. Similarly, we reject appellant's contention that the instant trial contained errors which, when cumulated, denied appellant Joyner a fair trial.

Affirmed.

---

1. In view of our disposition of this issue, we need not reach the question of whether the interviews with Joyner at his place of employment were of such a nature as to require the giving of the *Miranda* warning. We note, however, that those interviews took place under circumstances which did not involve any traditional indicia of custody. *United States v. Pohlman*, 522 F.2d 974, 978 (8th Cir. 1975) (en banc); *Iverson v. State*, 480 F.2d 414, 421–26 (8th Cir. 1973). *See also United States v. Hickman*, 523 F.2d 323, 326–27 (9th Cir. 1975); *United States v. Hiram*, 473 F.2d 670, 672 (9th Cir. 1973). *See generally United States v. Bastone*, 526 F.2d 971, 978 (7th Cir. 1975).