**UNITED STATES of America, Appellee,**

v.

**Larry L. ARCHAMBAULT, Appellant.**

**No. 81–1978.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 18, 1981.

Decided Feb. 18, 1982.

Ramon A. Roubideaux, Rapid City, S. D., for appellant.

Philip N. Hogen, U. S. Atty. and Dawn R. Bowen, Asst. U. S. Atty., Pierre, S. D., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Larry Archambault was convicted by a jury of involuntary manslaughter on July 22, 1981, as charged by a grand jury indictment filed in the United States District

Court for the District of South Dakota[1] on May 21, 1981. Archambault was sentenced to two and one half years imprisonment on September 3, 1981. He now appeals his conviction based on insufficiency of the evidence and on improper admission of certain evidence at trial. We affirm.

On February 22, 1981, Archambault's white pickup truck collided with a car on Highway 20 outside of Timber Lake, South Dakota. The driver of the car was killed. It was stipulated at trial that the driver of the white pickup had run a stop sign and there was no dispute that the truck had been speeding. The parties also stipulated that Archambault's blood alcohol content was 0.18% at the time of the accident. The dispute at trial centered on who was driving the truck at the time of the accident.

Archambault argues that there was insufficient evidence to prove that he was the driver of the white pickup truck. He testified that he was a passenger in the truck but that his cousin was driving at the time of the accident. Defense counsel asserts that he impeached each witness at trial by establishing that there was general prejudice in Timber Lake against Indians and that none of the witnesses could recall exactly what time the accident had occurred.

The standard of review to be followed by this court was set out in *United States v. Cox*, 580 F.2d 317 (8th Cir. 1978), *cert. denied*, 439 U.S. 1075, 99 S.Ct. 851, 59 L.Ed.2d 43 (1979). The established principles

> require an appellate court "to view the evidence in the light most favorable to the government, and to give to the government the benefit of all reasonable inferences favorable to the government's case that logically may be drawn from the evidence." *United States v. Wisdom*, 534 F.2d 1306, 1309 (8th Cir. 1976). Furthermore, we are guided by the general rule that "it is not necessary that the evidence exclude every reasonable hypothesis except that of guilt but simply that it be sufficient to convince the jury

beyond a reasonable doubt that the defendant is guilty." *United States v. Shahane*, 517 F.2d 1173, 1177 (8th Cir.), *cert. denied*, 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 124 (1975). Finally, the essential elements of the charge may be proved by circumstantial evidence as well as direct evidence since circumstantial evidence is intrinsically as probative as direct evidence. *See Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, [139,] 99 L.Ed. 150 (1954); *United States v. Joyner*, 539 F.2d 1162, 1165 (8th Cir.), *cert. denied*, 429 U.S. 983, 97 S.Ct. 499, 50 L.Ed.2d 593 (1976); *United States v. Shahane, supra*, 517 F.2d at 1177.

*Id.* at 323.

■ We find that there was substantial evidence in the record to support a finding of guilty beyond a reasonable doubt. *See United States v. Barletta*, 565 F.2d 985, 991 (8th Cir. 1977). Witnesses testified that they saw Archambault sitting in the driver's seat immediately after the accident. There was also testimony that minutes before the accident Archambault was seen driving toward the intersection where the accident occurred. As for defendant's argument that he impeached every witness, it is not for the appellate court to "resolve conflicts in testimony, or judge the credibility of witnesses, this is for the jury." *United States v. Young*, 618 F.2d 1281, 1290 (8th Cir.), *cert. denied*, 449 U.S. 844, 101 S.Ct. 126, 66 L.Ed.2d 52 (1980).

Defendant argues that photographs of the inside of his truck taken immediately after the accident and the speedometers of the two vehicles should not have been admitted into evidence. He argues that the photographs were prejudicial because they showed empty and broken liquor bottles in his truck. He argues the speedometers should not have been admitted because the government failed to establish a chain of custody sufficient to show that the exhibits were in substantially the same condition at trial as they were in when the crime was committed.

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

■ We hold the admission of the photographs and the speedometers was within the discretion of the trial court. *See United States v. Brown*, 605 F.2d 389, 394 (8th Cir.), *cert. denied*, 444 U.S. 972, 100 S.Ct. 466, 62 L.Ed.2d 387 (1979); *West v. United States*, 359 F.2d 50, 55 (8th Cir.), *cert. denied*, 385 U.S. 867, 87 S.Ct. 131, 17 L.Ed.2d 94 (1966). There was ample evidence at trial to support the district court's finding that a chain of custody was established with respect to the speedometers. The supervisor of the crime laboratory who examined the speedometers testified that the speedometers were received by laboratory personnel from the officer who removed them from the cars, were recorded in the log book, and were kept locked in a storage room.

The photographs of the inside of the truck were properly admitted because they were offered only to establish what the investigating officer saw at the scene of the accident. Additionally, since defendant stipulated that he had been drinking and that his blood alcohol content was 0.18% the admission of the photographs if erroneous was not prejudicial.

We affirm the conviction of involuntary manslaughter.