William **NICHOLSON** and Floyd Little, Appellants,

v.

Lawrence **LAYTON**, etc., et al., Appellees.

Nos. 83–1557, 83–1587.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1984.

Decided Nov. 8, 1984.

Amy Rubin, St. Louis, Mo., for Floyd Little.

John Alber, St. Louis, Mo., for William Nicholson.

Francis Oates, Asst. City Counselor, St. Louis, Mo., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HEANEY, Circuit Judge.

William Nicholson and Floyd Little appeal from an adverse jury verdict in this section 1983 action against police officers Lawrence Layton and Leonard Gregory. Nicholson and Little alleged in their complaint and testified at trial that as they were arrested on suspicion of rape, the officers struck them repeatedly with nightsticks or guns and kicked them in the head and groin as they lay on the ground. The officers testified that the force they used was necessary to effect the arrest under the circumstances; Officer Layton testified that he struck both men and held Nicholson down with his foot as he subdued Little. The officers were not asked if they had kicked the plaintiffs as they lay on the ground. The jury returned a verdict for the officers, and Nicholson and Little appeal, contending that the district court erred in admitting evidence of their convictions for their involvement in this incident and in admitting evidence of the victim's condition. They argue that this evidence was not relevant and that its prejudicial effect outweighed its probative value. They do not question the sufficiency of the evidence. We affirm.

For this opinion, we accept, as we must, the fact that Nicholson and Little had been involved in the rape and sodomy as alleged. We also accept, as we must, the fact that the officers acted out of a duty to arrest persons whom the officers have probable cause to suspect of having committed a crime and that they used no more force than necessary to effect the arrest.[1]

At trial, appellants' counsel introduced evidence of the appellants' convictions, and Nicholson's attorney also introduced a dated mugshot that linked him to the underlying rape. *We have previously considered*

---

1. Had the evidence shown that the officers had kicked or beaten the plaintiffs as they lay on the ground, this case would have to be reversed, as no trial evidence indicates that such force was necessary. *United States v. Harrison,* 671 F.2d 1159, 1161–62 (8th Cir.), *cert. denied,* 459 U.S. 847, 103 S.Ct. 104, 74 L.Ed.2d 94 (1982); *Putman v. Gerloff,* 639 F.2d 415, 420–21 (8th Cir. 1981) (officers may not kick or beat suspects for no reason).

similar cases under Fed.R.Evid. 609(a) in which, after an unsuccessful motion in limine, a party's own counsel elects to introduce evidence of the party's conviction on direct examination, rather than risk the adverse persuasive impact that might result from introduction of the convictions by the prosecution.

 Under similar circumstances, we have held that pretrial rulings on the admissibility of prior convictions are tentative and should be renewed when the questioned evidence is about to be introduced. *United States v. Cobb*, 588 F.2d 607, 612–13 (8th Cir.1978), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979). When the party introduces the prior conviction on direct examination, he denies the other party the ability to forego introducing such evidence and denies the district court the ability to review the probity of the prior conviction in light of the specific facts developed at trial. We have deemed this strategy a waiver of the right to appeal this issue. *See United States v. Johnson*, 720 F.2d 519, 522 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984); *United States v. Cobb*, *supra*, 588 F.2d at 612–13. Accordingly, in the circumstances of this case, we find that the district court did not err in admitting evidence of the appellant's conviction.[2]

 The district court also allowed the introduction of Layton's testimony regarding what he heard the victim say as he approached the car. In considering the motion in limine, the district court clearly indicated that the testimony in question was admitted to show the officer's state of mind as he approached the car and to develop the context in which the incident occurred. Under Fed.R.Evid. 403,[3] we find that the admission of this evidence was proper. The rule vests substantial discre-

tion in the district court, which this Court will not disregard without good reason. *See United States v. Long*, 574 F.2d 761, 767 (3d Cir.), *cert. denied*, 439 U.S. 985, 99 S.Ct. 577, 58 L.Ed.2d 657 (1978).

Although the potential for prejudice is great here, the probative value of what Officer Layton saw and heard is also substantial. In similar cases, courts have found that the balance favors admission of the evidence. For example, in a trial for involuntary manslaughter stemming from an auto accident, this Court approved the inclusion of photographs of the inside of defendant's truck, which was littered with empty and broken liquor bottles. The photographs were admitted to show what the officer saw at the scene of the accident. *United States v. Archambault*, 670 F.2d 800, 802 (8th Cir.1982). Similarly, in *Bowden v. McKenna*, 600 F.2d 282, 284 (1st Cir.), *cert. denied*, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979), potentially prejudicial evidence identifying plaintiff's decedent as a robbery suspect was admitted in a section 1983 action to show police officers' state of mind. Conflicting testimony suggested that the officers shot the decedent when he refused to respond to officers' investigatory questions and allegedly struck one of the officers with his car. The evidence was admitted in part because it would have shown decedent's motive to resist the officers. *Id.* Under the facts of the case at bar, we cannot say that the district court erred in allowing the inclusion of this testimony.

We have carefully reviewed the record in this case. The case was properly submitted to the jury and neither party challenges the propriety of the jury instructions on which the case was submitted.

---

**2.** We also hold, in the alternative, that admission of the prior conviction was not reversible error. Although the district court did not engage in an explicit comparison of probity and prejudice, the court held a hearing and considered the parties' arguments on the two competing concerns. Under the circumstances, we cannot say this was error. *See United States v. Johnson*, 720 F.2d 519, 522 (8th Cir.1983), *cert.*

*denied*, —— U.S. ——, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984).

**3.** Rule 403 provides, in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice * * *."

Finding no clear abuse of discretion, we affirm the judgment of the district court.