**Jimmy HUFF; Barbara Huff, Plaintiffs–Appellants,**

v.

**HECKENDORN MANUFACTURING COMPANY, INC., Defendant–Appellee.**

No. 92–2635.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1993.

Decided April 15, 1993.

Clinton B. Roberts, Farmington, MO, argued, for plaintiffs-appellants.

Robin E. Fulton, Fredericktown, MO, argued, for defendant-appellee.

Before LOKEN and HANSEN, Circuit Judges, and VAN SICKLE [*], Senior District Judge.

VAN SICKLE, Senior District Judge.

Plaintiffs, Jimmy and Barbara Huff, brought a products liability action against Heckendorn Manufacturing Company, Inc. (Heckendorn). The complaint alleged in Count I that a riding mower was in a defective condition and unreasonably dangerous, and alleged a failure to warn of a dangerous propensity to slip into gear. Count II alleged negligence. Counts III through VI dealt with dismissed defendants. Count VII alleged loss of consortium by Barbara Huff realleging the claims of defective manufacture, failure to warn and negligence.

Heckendorn answered with a general denial and asserted the affirmative defense of comparative fault. The jury found for the defendant. The court [1] denied plaintiffs' motion for a new trial and plaintiffs appealed.

We affirm.

FACTS

On May 2, 1984, Jimmy Huff, an experienced general mechanic and maintenance man, was attempting to adjust the timing of the mower's gasoline engine when the mower went into gear and ran forward, injuring him. The case was tried in May 1992, resulting in a verdict for the defendant. Plaintiffs moved for a new trial which the district court denied. The plaintiffs appealed.

Prior to the trial, plaintiffs filed a two part motion in limine; the first part sought to exclude the evidence that Jimmy Huff failed to set the emergency brake on the transmission sheave (also called a "clutch brake"), and the second dealt with a worker's compensation issue which is not an issue on appeal. Prior to calling the jury, the court denied plaintiffs' motion to exclude the evidence that Jimmy Huff failed to set the emergency brake and granted the worker's compensation motion. Defen-

dant discussed the emergency brake on the transmission sheave in his opening statement and plaintiffs again objected and were again overruled. During the trial plaintiffs elected, as a matter of trial tactics, to introduce the evidence of the emergency brake on the transmission sheave as part of their case in chief.

DISCUSSION

■ Plaintiffs assert that the evidence of the emergency brake on the transmission sheave, and the defense reference to the emergency brake on the transmission sheave in the opening statement, were irrelevant (and by implication prejudicial); and therefore, both motions in limine should have been granted.

However we cannot agree that the two rulings complained of were erroneous. The plaintiffs' complaint alleged:

1. Manufacture and sale of a mower so defective in condition as to be unreasonably dangerous to a user; and

2. A failure to warn of a potentially dangerous propensity of the instrument (Joint Appendix III).

Defendant's answer asserted the defense of comparative fault and asserted that plaintiffs' fault was negligence.

The state of Missouri adopted the doctrine of comparative fault judicially in 1983, which was later adopted legislatively. *See Gustafson v. Benda*, 661 S.W.2d 11 (Mo. 1983); *See also* Mo.Rev.Stat. § 537.765. The Missouri Statutes on products liability provide:

537.760. Products liability claim defined

As used in sections 537.760 to 537.765, the term "products liability claim" means a claim or portion of a claim in which the plaintiff seeks relief in the form of damages on a theory that the defendant is strictly liable for such damages because:

. . . . .

(3) Either or both of the following:

[*] The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

[1] The HONORABLE JEAN C. HAMILTON, United States District Judge, Eastern District of Missouri, presiding.

(a) The product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or

(b) The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning. Mo.Rev.Stat. § 537.760.

and as to an affirmative defense:

## PRODUCTS LIABILITY

537.765. Contributory fault as complete bar to plaintiff's recovery abolished—doctrine of comparative fault to apply—fault of plaintiff an affirmative defense to diminish damages—fault defined.

1. Contributory fault, as a complete bar to plaintiff's recovery in a products liability claim, is abolished. The doctrine of pure comparative fault shall apply to products liability claims as provided in this section.

2. Defendant may plead and prove the fault of the plaintiff as an affirmative defense. Any fault chargeable to the plaintiff shall diminish proportionately the amount awarded as compensatory damages but shall not bar recovery.

3. For the purposes of this section, "fault" is limited to:

(1) The failure to use the product as reasonably anticipated by the manufacturer;

.     .     .     .     .

(3) Use of the product with knowledge of a danger involved in such use with reasonable appreciation of the consequences and the voluntary and unreasonable exposure to said danger;

(4) Unreasonable failure to appreciate the danger involved in use of the product or the consequences thereof and the unreasonable exposure to said danger;

(5) The failure to undertake the precautions a reasonably careful user of the product would take to protect himself against dangers which he would reason-ably appreciate under the same or similar circumstances. . . .

The issue of the plaintiffs' negligence was clearly raised by the answer. The defense claimed that plaintiff, Jimmy Huff, was an experienced general maintenance man and general mechanic who should have known how to use the brake on the transmission sheave whether it was specifically described in the literature on the mower or not.

The defendant claims that by a failure to renew the objections when the matter of the brake on the transmission sheave was raised in examination at the trial, the plaintiffs waived their objections.

■ We agree that when a motion to exclude evidence is made in limine and is overruled, if the evidence is thereafter admitted at trial without objection, "the error if any, has not been preserved for review." *Starr v. J. Hacker Co., Inc.*, 688 F.2d 78, 81 (8th Cir.1982); *See Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1333–34 (8th Cir.1985); *Northwestern Flyers Inc. v. Olson Bros. Mfg. Co.*, 679 F.2d 1264, 1275 n. 27 (8th Cir.1982) (citing *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). This rule is solidly based on principles of both logic and trial efficiency. The motion is based on a hypothesis as to how the evidence will be presented. Until the evidence is actually offered, the determinative facts as to its admissibility are not present. This matter was well covered by the Fifth Circuit in these words:

The overruling of a motion in limine is not reversible error; only a proper objection at trial can preserve error for appellate review. Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial. . . . Thus, a party whose motion in limine has been overruled must object when the error he sought to prevent with his motion is about to occur at trial. This will give the trial court an opportunity to reconsider the grounds of the motion in light of the actual—instead of the hypothetical—circumstances at trial.

*Collins,* 621 F.2d at 783 (citations omitted). In response the plaintiffs claim that there were no determinative facts as to error in admissibility which had not been covered in the presentation made at the hearing on the motion in limine. Plaintiffs cite *Sprynczynatyk v. General Motors Corp.,* 771 F.2d 1112 (8th Cir.1985), as the rule that a point is preserved for review only by a specific request for action or objection, but there are exceptions. One exception is that:

> [T]he requirement is not to be applied in a ritualistic fashion. If the court and the other parties knew what action the losing party wished taken or what action actually taken he opposed, it would exalt form over substance to require a formal objection to be made. Under those circumstances the claimed error can be considered on appeal.

*See* 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2472 (1971).

This court has no problem as to either the basic rule or the exception recited above. The problem is that neither is applicable to this case. Here the plaintiffs elected to raise the issue of the emergency brake on the transmission sheave in his principal case.

In the reply memorandum in support of Plaintiffs' motion for new trial (Joint Appendix at 57–58) the Plaintiffs stated:

> The trial court in its rulings made it abundantly clear that the nature of Plaintiffs' objections were known and that the trial court was overruling those objections.... *Plaintiffs* attempted to counter-act [sic] Defendants' [sic] evidence by attacking the issue head-on and *introduced evidence that the clutch brake was not mentioned in the instruction manuals and, therefore, Plaintiff Jimmy Huff had no warning of the necessity of its use.* Plaintiffs brought out that evidence specifically to counter act [sic] the evidence and cross examination that would be coming from Defendant and only after the trial court

had overruled the Motion in Limine and objection to the opening statement.

(Joint Appendix at 57–58) (emphasis added).

This fact, that Plaintiffs elected to put in the evidence, is certainly a determinative fact that had not been covered on the presentation made at the time of the hearing on the motion in limine. Nor did the court and the defendant know that the plaintiffs would offer the evidence in their principal case. The plaintiffs cannot predicate error based on evidence they intentionally placed in the record.

In the civil action of *Nicholson v. Layton,* 747 F.2d 1225 (8th Cir.1984), Nicholson and Little had been arrested on suspicion of rape. They brought a 42 U.S.C. § 1983 action charging that the arresting officers had handled them with brutality. The jury verdict was in favor of the arresting officers, and the plaintiffs appealed claiming an erroneous admission of evidence of their conviction on the charges of rape. Their counsel had elected to introduce evidence of the convictions of the parties on direct examination rather than risk the adverse pervasive impact that might result from introduction of the convictions by the prosecution. This court held that in such circumstances the plaintiffs had waived any claim of error.

> When the party introduces the prior conviction on direct examination, he denies the other party the ability to forego introducing such evidence and denies the district court the ability to review the probity of the prior conviction in light of the specific facts developed at trial. We have deemed this strategy a waiver of the right to appeal this issue.

*Nicholson,* 747 F.2d at 1227 (citations omitted).

Plaintiffs adduced direct evidence of the clutch brake issue, on direct examination of the first witness, their expert, Dr. Flanigan. On pages 120–21 of the transcript the following exchange took place:

> Q: Now it was brought up in opening statement that this lawn mower, by the defendant, that this lawn mower has an emergency transmission brake, I think. Is that correct, sir?

A: Yes, sir.

Q: Would you explain?

A: I think when I read it, it's emergency brake on the transmission sheave.

. . . . .

Q: Is there some mention in an asterisk on a page about the emergency transmission brake on the sheave?

A: There's a note. It's listed as a note on the next to the last page.

BY MR. ROBERTS:

Q: Is it part of the text or kind of separated from the text?

A: It's like a footnote.

. . . . .

Finally, lest there be any question, plaintiffs acknowledged in their "Reply Memorandum in Support of Plaintiffs' Motion for New Trial" that this testimony was part of their trial strategy:

The trial court in its rulings made it abundantly clear that the nature of Plaintiffs' objections were known and that the trial court was overruling those objections. Plaintiffs then were faced with attempting to prevail in light of the court's ruling.... Plaintiffs attempted to counter-act [sic] Defendants' [sic] evidence by attacking the issue head-on and introduced evidence that the clutch brake was not mentioned in the instruction manuals and, therefore, Plaintiff Jimmy Huff had no warning of the necessity of its use. Plaintiffs brought out that evidence specifically to counter act [sic] the evidence and cross examination that would be coming from Defendant and only after the trial court had overruled the Motion in Limine and objection to the opening statement.

(Joint Appendix at 57–58).

Such a specific strategy as admitted by Plaintiffs waives any objection that Plaintiffs may have had and does not preserve the issue on appeal.

Therefore, we affirm.