**UNITED STATES of America,
Appellee,**

v.

**Wentworth E. GRIFFIN, Appellant.**

**No. 20054.**

United States Court of Appeals,
Eighth Circuit.

Oct. 19, 1970.

Lawrence E. Hoffman, Hoffman & St. Jean, Miami Beach, Fla., for defendant-appellant.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. *See* NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

Claude R. Sanders, Kansas City, Mo., for appellant.

Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., for appellee; Bert C. Hurn, U. S. Atty., Kansas City, Mo., on the brief.

Before MATTHES, Chief Judge, HEANEY, Circuit Judge, and VAN PELT, Senior District Judge.

PER CURIAM.

The appellant is a lawyer, having been admitted to the bar in 1941. Except for military service from 1942 to 1945 during World War II, appellant has practiced law in Kansas City, Missouri.

Appellant was charged by informations with willful failure to timely file federal income tax returns for the calendar years 1962, 1963 and 1964, in violation of 26 U.S.C. § 7203. A jury trial was waived and the issues were tried before the Honorable William H. Becker, Chief Judge, United States District Court for the Western District of Missouri.

After a plenary evidentiary hearing on October 21 and 22, 1968, the court on June 16, 1969, filed findings of fact, conclusions of law and judgment. Appellant was found not guilty of the alleged 1962 offense and guilty of the alleged 1963 and 1964 violations. Judgment of conviction was entered on November 12. The maximum sentence and fine were imposed and pursuant to 18 U.S.C. § 4208(b), appellant was committed for a study and report.

The sole issue in controversy for resolution in the district court was whether appellant's failure to timely file the tax returns was "willful." By a pre-trial written stipulation appellant admitted his gross income for the calendar years 1963 and 1964 was $33,315.35 and $32,511.20, respectively, and that his taxable income for the same years was $23,887.46 and $23,159.38, respectively. Appellant also admitted before trial and so testified that he had failed to file the returns for the years in question at the times required by law. Appellant contested the Government's claim of willfulness on the ground that his mental and physical condition at the time of the alleged willful failures to file the returns demonstrated lack of willfulness. This defense manifestly presented an issue of fact upon conflicting evidence. The district court, after a thorough analysis of the evidence, resolved this issue against appellant as to the years 1963 and 1964.

Appellant submits several arguments on appeal in support of his contention that the evidence established as a matter of law that his failure to timely file the returns was not willful.

We have with painstaking care examined the record in light of the question in issue and are convinced that the findings of the able and seasoned trial judge are supported by substantial evidence and that his ultimate judgment of conviction should not be disturbed.

Accordingly, we affirm.