**UNITED STATES of America,**
**Appellee,**

v.

**Floyd A. MARTTILA, Appellant.**

**No. 19916.**

United States Court of Appeals,
Eighth Circuit.

Nov. 25, 1970.

Philip Vogel, Fargo, N. D., for appellant.

Harold O. Bullis, U. S. Atty., Fargo, N. D., for appellee.

Before VAN OOSTERHOUT, MEHAFFY and LAY, Circuit Judges.

MEHAFFY, Circuit Judge.

This appeal is from a judgment of the United States District Court for the District of North Dakota after jury trial finding defendant guilty on three counts of income tax evasion in violation of 26 U.S.C. § 7201 for the years 1962, 1963 and 1964. Defendant was sentenced to pay a fine of $500.00 on each count and to two years' probation on each count, the probation sentences to run concurrently. This appeal challenges the sufficiency of the evidence and the refusal of the court to give a requested instruction. We affirm.

Defendant first worked for Farmers Union Oil Company at Ellendale, North Dakota as a bookkeeper and station agent. In 1942 he became manager of the company. His compensation was derived from commissions earned from the operation of a service station and from bulk deliveries. He furnished his own trucks for delivery of the products and paid the salaries of all of his employees from his commissions. He set up two accounts on his books, one a "Salary Account" and the other a "Car and Truck Expense Account." He put all the commissions earned from the service station plus fifty per cent of the commissions from the bulk deliveries into the "Salary Account." The other fifty per cent of the commissions earned from the bulk deliveries went into the "Car and Truck Expense Account." This account was set up to pay all of the operation expenses for the bulk delivery trucks. He made no accounting to the government on his tax returns for the profits he earned from this account which amounted to $7,086.01 in 1962, $8,873.19 in 1963 and $12,001.20 in 1964. Defendant was also required to set up a portion of the commissions earned as a reserve account for doubtful accounts. He reported these reserves as income on his income tax returns. Defendant's failure to report his profits from the "Car and Truck Expense Account" is the basis for his conviction.

In approaching our discussion, we are mindful of the settled rule that in a criminal case resulting from a conviction by a jury verdict we must accept as established all reasonable inferences that tend to support the action of the jury and conflicts in the evidence must be resolved in favor of the jury verdict. A number of cases in support of this rule are cited in United States v. Francisco, 410 F.2d 1283, 1286 (8th Cir. 1969). See McKenna v. United States, 232 F.2d 431, 435–436 (8th Cir.1956), and cases therein cited to the same effect.

It is strongly urged that the government did not prove that defendant

acted "wilfully" to evade income taxes, but willfulness and fraudulent purpose are questions for the jury. Fowler v. United States, 352 F.2d 100, 110–111 (8th Cir.1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966). Cf. United States v. Griffin, 432 F.2d 558 (8th Cir.1970).

In Gaunt v. United States, 184 F.2d 284 (1st Cir.1950), cert. denied, 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662 (1951), the court stated that, while willfulness is a question of fact, direct proof thereof is not essential, that it may be inferred from acts and circumstances and that inferences may be drawn from a combination of such. In *Gaunt* the court stated that the jury could have found that defendant was an intelligent, astute and successful businessman. In the present case, the government urges by analogy that defendant was an astute businessman, having built Farmers Union Oil Company of Ellendale into a substantial business. Although he had a bookkeeper in the business, the bookkeeping system was under his control and he made the allocation of commissions earned to the "Salary Account" and "Car and Truck Expense Account." He admitted that he realized a profit on the "Car and Truck Expense Account" in the year 1964. He did not report the commissions he earned for the "Car and Truck Expense Account" on Form 1099 even though he was familiar with the form and had prepared such forms for patrons of the Farmers Union Oil Company.

■■ In *Fowler, supra,* it was argued that defendants there had only third and eighth grade educations and were not capable of forming the requisite intent to evade taxes. This court pointed this out as obviously fallacious reasoning since the defendants in *Fowler* were intelligent enough to operate a series of successful businesses. Thus, the court stated that they could certainly plan to evade tax obligations and that one's capacity is measured by more than just his formal education. In this case, defendant Marttila was a college gradu-

ate with a minor in commerce including some accounting, a bookkeeper and a successful businessman, and for a period of more than twenty years consistently failed to report the commissions he earned on the "Car and Truck Expense Account."

Defendant points out that the trial judge gave the following instruction:

"The attempt to evade or defeat the tax must be a willful attempt; that is to say, it must be an attempt made voluntarily and intentionally, and with the specific intent to keep from the Government a tax imposed by the income tax laws, which it was the legal duty of the accused to pay to the Government, and which the accused then and there knew it was his legal duty to pay.

"In other words, the attempt must be made with the bad purpose of willfully seeking to defraud the Government of some substantial amount of income tax lawfully due from the accused."

Neither party made exception to this instruction and it is stated by counsel for defendant in his brief that this instruction represents the law of the case and he asserts it is obvious that the jury either did not listen to the instruction, or, having listened to the instruction, failed to follow it. We do not agree. We cannot reverse a conviction on the supposition that the jury did not listen to the instruction or failed to follow it. The jury was fully instructed of the necessity on the part of the government to prove defendant's willfulness. The evidence here, in our view, was certainly sufficient to make a jury question, and we have no right under such circumstances to reject its finding.

It is next contended that the court erred in not granting defendant's requested instruction that the reserve established by the Farmers Union Oil Company should not have been considered as income in 1962, 1963 and 1964.

Defendant contends that he was reporting on a cash basis, and the government contends that while the taxpayer

 

reported most of his income in the years in question on a cash basis he reported the reserves in question on an accrual basis. Defendant had consistently followed this practice since 1942 as it was the most advantageous for him to follow.

 Defendant's method of reporting the reserves was a permissible one as Int.Rev.Code of 1954 § 446(c) sets forth the permissible methods as being (1) cash receipts and disbursement method; (2) accrual method; (3) any other method permitted by this chapter; or (4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary or his delegate. Under the regulations, it is recognized that no uniform method of accounting can be prescribed for all taxpayers and each taxpayer may adopt such forms as are in his judgment best suited to his needs. However, no method of accounting is acceptable unless in the opinion of the Commissioner it clearly reflects income. Treas.Reg. § 1.-446–1(a) (2) (1957).

The revenue agent computed defendant's profits earned on the "Car and Truck Expense Account" for the years involved under the same accounting method employed by the taxpayer in filing his original returns. In *Fowler, supra*, we said (352 F.2d at 103), "[t]he government was bound to follow appellants' method of accounting in computing taxable income." Our opinion cited United States v. Vardine, 305 F.2d 60, 64 (2nd Cir.1962), and Morrison v. United States, 270 F.2d 1 (4th Cir. 1959), cert. denied, 361 U.S. 894, 80 S. Ct. 196, 4 L.Ed.2d 150 (1959). In *Morrison, supra*, the court said (270 F.2d at 4):

> "When the taxpayer has employed a hybrid or unauthorized accounting method, he is hardly in a position to complain when the computation employing that method is introduced to prove specific items of omitted income."

 Even if deductions for reserves were allowed, defendant would still have unreported taxable income, and refusal of an instruction such as requested here, even if proper, was a very harmless error since the deductions for the reserve account were not proved in an amount sufficient to account for defendant's unreported taxable income. Compare United States v. Schenck, 126 F.2d 702, 708 (2nd Cir.1942), cert. denied, 316 U. S. 705, 62 S.Ct. 1306, 86 L.Ed. 1773 (1942).

A number of civil tax cases are cited in each brief but a discussion of them is not necessary. We have canvassed the entire record and conclude that we are dealing here only with a question of fact which the jury resolved and we are not at liberty to change.

The judgment is affirmed.