**UNITED STATES of America, Appellee,**

**v.**

**G. Stanley RISCHARD, Appellant.**

**No. 72–1374.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1972.

Decided Jan. 3, 1973.

Robert J. Sheran, Minneapolis, Minn., for appellant.

J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, ROSS, Circuit Judge, and VAN PELT, Senior District Judge.

ROSS, Circuit Judge.

G. Stanley Rischard (Rischard), a Minneapolis attorney, was convicted by the district court acting without a jury, on four counts of an indictment, two of which alleged that he subscribed his name to a tax return in 1965 and 1966 knowing it to be false, and two of which alleged attempts to evade income taxes in the same years. Rischard appeals alleging that the requisite intent was

not proved beyond a reasonable doubt. We affirm the judgment of conviction.

**[ ]** At the outset we note that in criminal cases tried to the court, factual findings made by the trial judge must stand unless determined to be clearly erroneous, at least where such findings concern matters other than the ultimate question of guilt. *See* Campbell v. United States, 373 U.S. 487, 493, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1960); United States v. Watson, 459 F.2d 588, 591 (8th Cir. 1972); Kilcrease v. United States, 457 F.2d 1328, 1331 (8th Cir. 1972). In this case the trial court made factual determinations that the requisite intent to evade taxes and intent to sign a false return were present, which were the only issues really contested by Rischard, and the resolution of these issues was the equivalent of a determination of guilt. In a jury case the "verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); United States v. Prionas, 438 F.2d 1049, 1052 (8th Cir.), cert. denied, 402 U.S. 977, 91 S.Ct. 1683, 29 L.Ed.2d 144 (1971); United States v. Robinson, 419 F.2d 1109, 1111 (8th Cir. 1969). When the determination of a question of fact is also determinative of the ultimate question of guilt, the rule should be the same whether the case is tried to a jury or tried to the court. In this case, therefore, we must determine whether or not there is substantial evidence, taking the view most favorable to the Government, to support the fact determination by the trial court relating to intent. *See* United States v. Delerme, 457 F.2d 156, 160 (3d Cir. 1972); United States v. Saunders, 325 F.2d 840, 841–842 (6th Cir. 1964), cert. denied, 379 U.S. 978, 85 S.Ct. 677, 13 L.Ed.2d 568 (1965); United States v. Tutino, 269 F.2d 488, 490 (2nd Cir. 1959); United States v. Owen, 231 F.2d 831, 833 (7th Cir.), cert. denied, 352 U.S. 843, 77 S.Ct. 42, 1 L.Ed. 2d 59 (1956).

In making its case against Rischard, the Government relied upon evidence tending to establish the following allegations:

1. There was a consistent understatement of income over a period of three years.

2. Rischard's educational background and business experience negates any claim that the mistakes were unintentional.

3. Rischard was an adequate bookkeeper as shown by his ability to correctly bill clients and record expenses.

4. Rischard did not disclose the name of one of his banks in his interview with the Internal Revenue Service Agent.

We will examine briefly each of these allegations of the Government in the light of the evidence adduced at the trial.

*Consistent Understatement of Income*

The appellant concedes that for the indictment years he understated his gross income; however, there is a dispute with regard to the amount. By amended returns filed after he knew the Government had initiated its investigation, Rischard admitted understating his gross income by over $3,000 in 1965 and by over $6,000 in 1966.

It is likewise clear that the appellant understated his taxable income for the indictment years. His amended returns admitted a $2,200 understatement in 1965 and a $5,900 understatement of taxable income in 1966, and the Government showed at trial that the understatement was at least that great in each year.

Furthermore, the appellant's own expert witness admitted at trial that gross income for the year 1964 had been understated also.

**[ ]** A consistent pattern of understatement of income may be used to establish the essential inference of wilful intent. Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150

(1954); Canaday v. United States, 354 F.2d 849, 855 (8th Cir. 1966); 10 J. Mertens, Federal Income Taxation, § 55A.09 (1970). The appellant, in contrast, invites consideration of the fact that he filed amended returns as evidence tending to negate the inference of wilful intent. The probative value of filing amended returns is seriously lessened in this case because of the fact that they were filed after the appellant was first notified that he was under investigation by the Government. *Cf.* 10 J. Mertens, Federal Income Taxation, § 55A.07 (1970). Thus, since the Government need not prove the exact amount of the tax evaded, Burger v. United States, 262 F.2d 946, 955 (8th Cir.), cert. denied, 359 U.S. 990, 79 S.Ct. 1119, 3 L. Ed.2d 979 (1959), and since the appellant does not claim the amount is unsubstantial, the evidence of consistent understatement of income is persuasive evidence of wilful intent.

### Educational Background and Business Experience

Rischard is an attorney who is admitted to practice law in the State of North Dakota and in the State of Minnesota. Since graduation from law school he has adjusted insurance claims, worked for the United States Office of Price Administration reviewing files for price violations, worked for the Veterans Administration considering claims for veteran benefits, worked for the Attorney General of the State of Minnesota representing the State in highway condemnation matters, worked for a private law firm, and has engaged in the practice of law by himself, dealing mainly with condemnation matters with some additional domestic relations and personal injury work.

Although the appellant strenuously argues that he has had no prior tax or accounting experience, the trial judge could have properly considered the general educational background and experience of the appellant as bearing on the appellant's ability to form the requisite wilful intent. *See* United States v. Marttila, 434 F.2d 834, 836 (8th Cir.

1970); Fowler v. United States, 352 F. 2d 100, 110–111 (8th Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L. Ed.2d 663 (1966).

### Ability to Bill Clients and Record Expenses

The essential thrust of the appellant's argument in the trial court revolved about the contention that the appellant was merely a poor bookkeeper, who had recently entered private practice, and, therefore, the appellant lacked the requisite wilful intent.

While the evidence does disclose that the appellant entered private practice in 1961 and began to practice alone in 1962, other evidence belies the assertion that lack of experience and poor bookkeeping were the reasons for understatement of income. The Government, for instance, produced evidence that the appellant was able to bill clients with some degree of specificity.

Furthermore, the appellant correctly reported the amount of his deductible expenses in 1964 and 1966 which lends credence to the inference that the appellant was capable of accurately ascertaining income. He understated his expense in 1965 by $2,100, which consisted of a referral fee of $1,000, a return of an appraisal fee amounting to $300, a referral fee of $500, and a "kickback" on a legal fee to a client in the amount of $300, all of which did not offset his failure to report all of his income for 1965.

In addition, the record demonstrates that the appellant's bookkeeping tasks, insofar as income accounting was concerned, could hardly be classified as onerous. In 1965 the appellant had thirteen sources of income from private clients and one source of income from the State of Minnesota. In 1966 the appellant had fifteen sources of income from private clients and one source of income from the State of Minnesota.

### Statements Made to IRS Agent

During an interview with the Internal Revenue Service the appellant was asked to name accounts he had at financial institutions. The appellant named a num-

ber of banks, including the Highland Park Bank and the Northwestern National Bank. However, according to the Internal Revenue Agent who conducted the interview, the appellant failed to disclose the fact that he had accounts at the West Broadway Branch of the First National Bank. It is noted, in contrast, that the appellant did disclose the existence of the First National savings account on his income tax returns.

The evidence showed that the appellant actually had three bank accounts relevant to this case, including a checking and savings account at the First National Bank, West Broadway Branch; a trust account and savings account at Highland Park State Bank; and a savings account at the Northwestern National Bank. His failure to disclose one of those accounts to the Internal Revenue Service Agent was a proper factor for the court to consider in determining intent.

Our review of the record as hereinabove set forth indicates conclusively that there was substantial evidence to support the trial judge's finding of guilt. We therefore affirm the judgment of conviction.