**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leroy Lloyd ANDERSON, Sandra Miller Anderson, Defendants-Appellants.**

**Nos. 79–1676, 79–1679.**

United States Court of Appeals, Ninth Circuit.

March 20, 1981.

Rehearing and Rehearing En Banc Denied May 15, 1981.
As Corrected June 2, 1981.

Jerald W. Newton, Los Angeles, Cal., for Leroy Anderson.

Dennis Fredrickson, Beverly Hills, Cal., for Sandra Anderson.

Robert J. Perry, Asst. U. S. Atty., Los Angeles, Cal., for United States.

* Honorable Gus J. Solomon, Senior United States District Judge, District of Oregon, sitting by designation.

Before CHAMBERS and NORRIS, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge.

## INTRODUCTION

Leroy Anderson and Sandra Miller Anderson appeal from their convictions for conspiracy to distribute and possess heroin (Count I). Leroy Anderson, who was also indicted for income tax evasion (Counts II and III), appeals from his convictions on those two counts.

Both appellants assert that the evidence is insufficient to support their convictions on Count I. They also raise other grounds for their appeals. We affirm.

## FACTS

### A. Count I

Many informant witnesses testified that Leroy Anderson and his codefendants, between 1974 and 1978, were at the center of an extensive heroin conspiracy.

Velma Roundtree, who pleaded guilty to Count I, testified that she made many purchases from the Andersons, that she was an intermediary between the Andersons and other purchasers, and that she carried heroin for Leroy Anderson from Pittsburgh, Pennsylvania to Los Angeles, California.

Pamela Terry, Roundtree's daughter, also pleaded guilty to Count I. She testified that she saw a number of the transactions between her mother and the Andersons, and that she participated in many of them.

Others testified about meetings and purchases of heroin in Los Angeles, Pittsburgh, Cleveland, and Rochester.

### B. Counts II and III

Anderson's expenditures greatly exceeded the income he reported from his employment as a truck driver for the Los Angeles Times, and as the owner of a small restaurant. Anderson reported a gross income of $26,587 for 1976. In the same year, he made purchases, with cashier's checks and

with cash, of more than $174,000. Anderson reported a gross income of $4,839 for 1977, when his purchases for that year totalled more than $136,000. In these two years, Anderson also made home improvements totalling more than $63,000.

Anderson contended that the income for the expenditures proved by the government came from legitimate, non-taxable sources, primarily a loan of $200,000, in American currency, from Naomi McGregor of Nigeria. Anderson testified that he met Ms. McGregor at a party and that shortly thereafter she agreed to lend him the money so that he could purchase property for speculation. He also testified that in February 1976, Ms. McGregor's lawyer gave him the cash, and he gave the lawyer a receipt for the money, but no collateral. Anderson testified that he purchased the property, arranged for the construction, and in August of 1976, prepared a deed of trust and a promissory note, which were intended to secure the loan. These were notarized to date back to the date of the loan, but the deed of trust was not recorded until November 9, 1979, after Anderson learned that he was under investigation by the Internal Revenue Service. Neither Ms. McGregor nor her lawyer testified.

*ISSUES*

A. *Joinder*

Leroy Anderson contends that Count I of the indictment was improperly joined with Counts II and III of the indictment. He asserts that this joinder prejudiced him because if the income tax counts had been separated, the jury would not have heard prejudicial evidence.

■ Offenses may be joined in the same indictment and tried together when they are "based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Rule 8(a), Fed.R. Crim.P.

In *United States v. Roselli*, 432 F.2d 879 (9th Cir. 1970), cert. denied, 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971), we upheld the joinder of counts charging racketeering and securities fraud with counts charging income tax fraud. We held that evidence on the proceeds of the racketeering was relevant to both the racketeering charges and the tax charges.

■ Here, the conspiracy count and the tax counts were based on the same series of events. The narcotics conspiracy generated a large income. The discrepancy between Anderson's actual income and his reported income for 1976 and 1977 created the deficiency which formed the basis for Counts II and III, and supplied a logical relationship between the counts.

The evidence on the conspiracy count and the tax counts overlapped. Evidence of Anderson's expenditures in 1976 and 1977 was relevant to Count I, because it created a reasonable inference that the money for the expenditures came from the narcotics conspiracy. *United States v. Jabara*, 618 F.2d 1319, 1329 (9th Cir.), cert. denied, 446 U.S. 987, 100 S.Ct. 2973, 64 L.Ed.2d 845 (1980); *United States v. Barnes*, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980). The financial evidence on the conspiracy counts was relevant to the tax counts, because it showed the source of Anderson's unexplained wealth.

When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate. *United States v. Roselli, supra*, at 899.

■ Sandra Anderson was not charged with Counts II and III. She asserts that the evidence of Leroy Anderson's tax violations would not have been admissible against her had her trial been severed from his.

Defendants may be jointly tried in a single indictment "if they are alleged to have participated in the same act or transaction . . . constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count." Rule 8(b), Fed.R.Crim.P.

Sandra and Leroy Anderson lived together for most of the period of the conspiracy.

She purchased cashier's checks which were used to acquire large amounts of real and personal property. Even without the income tax counts, evidence of these financial transactions would have been admissible against her. *United States v. Jabara, supra,* and *United States v. Barnes, supra.*

■ The proper standard of review of a trial court's denial of a Rule 14 motion to sever is abuse of discretion. *United States v. Escalante,* 637 F.2d 1197 (9th Cir. 1980); *United States v. Brashier,* 548 F.2d 1315, 1323 (9th Cir. 1976), *cert. denied,* 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 565 (1977). Neither appellant has demonstrated sufficient prejudice from the joint trial to justify a finding that the trial judge abused his discretion in this case.

### B. *Sufficiency of the Evidence*

■ Both Leroy and Sandra Anderson contend that the evidence was insufficient to support their convictions.

Leroy Anderson contends that the government's witnesses were so disreputable that their evidence should have been disregarded, and the court should have directed a verdict of acquittal. The jury was instructed on the credibility of the witnesses they heard. Issues of credibility are for the jury. They were entitled to believe the testimony of the government's witnesses, even though they were drug users and informants. *United States v. Cook,* 608 F.2d 1175, 1182 (9th Cir. 1979), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980); *United States v. Paduano,* 549 F.2d 145, 150 (9th Cir.), *cert. denied,* 434 U.S. 838, 98 S.Ct. 129, 54 L.Ed.2d 100 (1977).

Anderson next contends that the evidence was insufficient to establish a conspiracy. The test for sufficiency of the evidence is whether the jurors could reasonably conclude from the evidence that guilt was established beyond a reasonable doubt. The evidence must be viewed in the light most favorable to the verdict, and the findings of the trier of fact will not be set aside unless clearly erroneous. *United States v. Hudson,* 609 F.2d 1326, 1329 (9th Cir. 1979). The government presented ample evidence of the existence of a heroin conspiracy, and of Anderson's role in it. The jury's verdict was supported by substantial evidence.

■ Anderson contends that the court improperly permitted witnesses to testify that other members of the conspiracy had identified him as the "source" of the heroin, because that testimony was hearsay, and was not made "in furtherance of the conspiracy," as required by Fed.R.Evid. 801(d)(2)(E). There is no merit in this contention. The statement identified a fellow conspirator as a source of heroin, and was made for the purpose of inducing continued participation in the conspiracy. *United States v. Lambros,* 564 F.2d 26, 30 (8th Cir. 1977), *cert. denied,* 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779 (1978); *United States v. Eaglin,* 571 F.2d 1069 (9th Cir. 1977), *cert. denied,* 435 U.S. 906, 98 S.Ct. 1453, 55 L.Ed.2d 497 (1978).

Sandra Anderson's assertion that the government failed to show that the packages she distributed contained heroin is frivolous.

### C. *Conduct of the Trial*

■ Leroy Anderson contends that because the government proceeded on a net worth theory, it was required to investigate and negate his explanation that his increased assets in 1976 and 1977 were supported by a $200,000 loan from his acquaintance in Nigeria. Anderson argues that because the government failed to investigate the validity of the lead, the District Court should have found that the defendant established his explanation, and the government's case against him was insufficient to go to the jury. See *Holland v. United States,* 348 U.S. 121, 135–36, 75 S.Ct. 127, 135–36, 99 L.Ed. 150 (1954).

The government must investigate and negate a taxpayer's explanation only if it is "reasonable" and "reasonably susceptible of being checked." *Holland, id.* Anderson's explanation was deficient in both respects. Even if Anderson's explanation was true, there would be more than $100,000 of unexplained income, and this difference would

be sufficient to support the conviction. *Id.* at 136, 75 S.Ct. at 135. The district court committed no error.

Sandra Anderson contends that it was reversible error for the government to fail to disclose to the jury a discrepancy in the testimony of Velma Roundtree. Roundtree had told the Grand Jury that she had not used heroin since entering a rehabilitation program, but testified at trial that she had used heroin since that time. The questions were confusingly phrased, and the failure to disclose the resulting discrepancy was harmless. The inconsistent statements were immaterial to her testimony about Anderson's role in the conspiracy, and there was considerable unimpeached testimony implicating her. *United States v. Bettencourt*, 614 F.2d 214 (9th Cir. 1980).

### D. *Jury Instructions*

Leroy Anderson contends that the court erred in failing to explain to the jury that the loan proceeds were not taxable income. He admits that he failed to request this instruction, but contends that even without a request, the court's failure to give the instruction is reversible error. He argues that the jury could have believed that Anderson did receive a $200,000 cash loan from his acquaintance in Nigeria, and that the loan accounted for the increased assets, but they still could have convicted him because they thought that the loan was taxable, unreported income. In addition to the unbelievability of Anderson's story about receiving the loan under the circumstances brought out at the trial, the government showed that Anderson's unreported income for 1976 and 1977 far exceeded $200,000, the amount of the purported loan. The error, if any, in not giving the unrequested instruction was harmless. *United States v. Marttila*, 434 F.2d 834, 837 (8th Cir. 1970).

Sandra Anderson contends that the court erred in instructing the jury that a defendant could not be convicted "upon the unsupported testimony of an alleged accomplice unless you believe that unsupported testimony beyond a reasonable doubt." *Cool v. United States*, 409 U.S. 100, 93 S.Ct.

354, 34 L.Ed.2d 335 (1972), cited to support her contention, is not in point. In *Cool*, the jury was instructed not to consider accomplice testimony offered by the defense unless they found the testimony believable beyond a reasonable doubt. Unlike the instruction in *Cool*, which placed a heavy burden on the defendant, the instruction here required that before they could find the defendants guilty on the basis of accomplice testimony, the jury must believe that testimony beyond a reasonable doubt. This instruction favored the defendant, and it was not error to give it.

Both Andersons raise a number of other issues. We hold that it was proper to instruct the jury that, in considering the credibility of the defendants' testimony, it could take into consideration their interest in the outcome of the case, *Louie v. United States*, 426 F.2d 1398, 1402 (9th Cir.), *cert. denied*, 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 (1970), and to instruct the jury that witnesses are presumed to speak the truth, *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), *Keiper v. Cupp*, 509 F.2d 238 (9th Cir. 1975). Under the circumstances, it was not error, let alone plain error, to fail to give the jury a cautionary instruction on the guilty pleas of appellants' co-defendants when only Sandra Anderson requested the instructions and her request was later withdrawn. See *United States v. Rothman*, 463 F.2d 488, 490 (2nd Cir. 1972). It was within the court's discretion to wait until the conclusion of the evidence to instruct the jury on the admissibility of hearsay statements of co-conspirators, *United States v. King*, 552 F.2d 833, 849 (9th Cir. 1976), *cert. denied*, 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977).

### E. *Assistance of Counsel*

Leroy Anderson complains about his trial counsel's failure to make certain objections and request certain instructions. There is no merit in these contentions. Even if counsel had made the objections and requests, his efforts would have been fruitless. *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). His ob-

jection to the page limitation on appellate briefs has no merit.

## CONCLUSION

Both Leroy Anderson and Sandra Anderson had fair trials; their guilt was established by the overwhelming weight of the evidence. Their judgments of conviction are AFFIRMED.