UNITED STATES of America, Appellee,

v.

**Douglas HARRISON, Appellant.**

UNITED STATES of America, Appellee,

v.

**Derrick GASTON, Appellant.**

**Nos. 81–1848, 81–1849.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1982.

Decided March 2, 1982.

Rehearing and Rehearing En Banc Denied March 29, 1982.

---

Murray A. Marks, argued, Clayton, Mo., for appellants.

Thomas E. Dittmeier, U. S. Atty., David M. Rosen, argued, St. Louis, Mo., for appellee.

Before HENLEY, Circuit Judge, GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Derrick Gaston and Douglas Harrison appeal from their convictions arising from an incident that occurred when they were police officers of Hillsdale, Missouri, in which they beat a person they had arrested (Dwight Culpepper). They were convicted in the United States District Court for the Eastern District of Missouri[1] for violations of 18 U.S.C. § 242 (1976) (Deprivation of rights under color of law)[2] and 18 U.S.C. § 1632 (1976 and Supp. I 1977) (False declarations before grand jury or court).[3]

---

1. The Honorable John F. Nangle, United States District Judge, Eastern District of Missouri.

2. 18 U.S.C. § 242 provides:

 Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life.

The qualification with respect to alienage, color, or race refers only to differences in punishment and not to deprivations of any rights or privileges secured by the Constitution or laws of the United States. *United States v. Classic*, 313 U.S. 299, 326–27, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

3. 18 U.S.C. § 1623 provides in relevant part:

 (a) Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declara-

The incident began on the evening of January 2, 1981. Appellant Gaston, who was then acting as a sergeant in the Hillsdale, Missouri, police department, stopped Culpepper's girlfriend for a traffic violation. She did not have a driver's license and Gaston arrested her. Her arrest caused her to be late for a dinner date with Culpepper. After she was released later in the evening, she met Culpepper. She told him the story of her arrest, and he then went to the Hillsdale police station. Culpepper met Gaston there, they exchanged words, and Gaston beat Culpepper. Gaston testified that he beat Culpepper because Culpepper had leaped at him. No one was convicted for this beating.

Culpepper was arrested for his part in the beating. Gaston and Harrison moved Culpepper to the Pagedale police station because it had facilities for overnight detention. Later in the evening both appellants went to the Pagedale police station for reasons unrelated to Culpepper's arrest. While Gaston was there, he removed Culpepper from his cell. Gaston and Harrison then beat Culpepper. They testified that Culpepper had provoked them. The three other police officers and the two dispatchers who were at the Pagedale station testified that they saw no provocation. This was the beating for which appellants were convicted.

Culpepper was hospitalized and diagnosed as having several injuries, including a broken nose and a painful groin injury.

The grand jury in the Eastern District of Missouri began to investigate Culpepper's allegations of brutality on April 2, 1981. This investigation ended in the indictment of the appellants and a third police officer. On April 16, 1981, the appellants appeared before the grand jury, where they testified under oath about the incidents involved. The appellants told the grand jury that when Gaston unlocked Culpepper's cell door at Pagedale, Culpepper pushed the cell door open, throwing Gaston back, and Culpepper then attacked Gaston as Gaston attempted to keep him from getting away. Both appellants then said they subdued Culpepper

and forced him back into his cell. This story conflicted with the stories appellants had previously told the Federal Bureau of Investigation and with the testimony of the other police officers and the dispatchers.

On May 15, 1981, appellants and the third police officer were indicted by the grand jury. Appellants were charged in the first three counts with violations of § 242. Only the third count related to the beatings at the Pagedale police station. The third police officer was charged only in the first two counts. Count IV charged Gaston with the perjury violation under § 1623, and Count V charged Harrison with a violation of the same statute. The perjury counts related to appellants' testimony before the grand jury.

Appellants and the other police officer pleaded not guilty and the trial began on July 20, 1981. On July 23, 1981, the jury acquitted the third police officer and convicted Gaston and Harrison on the third, fourth, and fifth counts. On August 6, 1981, each appellant was sentenced to a six-month term of imprisonment and a five-year term of probation to be served after his release.

Appellants argue that the evidence did not support their convictions. As to the convictions for beating Culpepper, they argue that there was not the "willfulness" or the "excessive force" necessary to sustain a conviction. In essence, they argue that this police beating was not a federal offense.

■ Appellants are correct in arguing that a willful deprivation of a person's rights is necessary to make the official's action a violation of § 242. *United States v. Jackson*, 235 F.2d 925, 927 (8th Cir. 1956). However, the jury was properly instructed and there was substantial evidence of willfulness to sustain the convictions.

The instructions of the district court were clear and complete. The jury was instructed that the defendants could be convicted only if they had an intent to willfully subject the victim to the deprivation of a constitutional right. The jury was specifically told that not every police beating falls with-

tion, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

in the statute, that a police officer can use force to effect an arrest or defend himself or another from bodily harm. Only if the defendants used greater force than that which would appear reasonably necessary would the excessive force evidence intent. Trial Transcript at 380, 383, 386–87. The district court was correct in saying that excessive force can evidence intent. *United States v. Delerme*, 457 F.2d 156, 161 (3d Cir. 1972). In light of the jury instructions, the guilty verdict shows that the jury found excessive force and willfulness.

 It is the function of the jury, not an appellate court, to resolve conflicts in testimony or judge the credibility of witnesses. By reason of the jury's findings of guilt, the Government is entitled on appeal to the benefit of all reasonable inferences from the evidence. Any conflicts in the testimony are to be resolved in favor of the jury verdict. *United States v. Young*, 618 F.2d 1281, 1290 (8th Cir.), *cert. denied*, 449 U.S. 844, 101 S.Ct. 126, 66 L.Ed.2d 52 (1980). *See United States v. Rischard*, 471 F.2d 105, 107 (8th Cir. 1973). There was ample evidence to support the jury's verdict. The beating at the Pagedale police station was witnessed by three other police officers and two dispatchers. Only appellants testified that there was provocation. Appellants argue that there was not excessive force used, which was shown by the fact that Culpepper's injuries were minor. Even if Culpepper's injuries were minor, a lack of provocation or need to use force would make any use of force excessive. Therefore the convictions were supported by the evidence.

As to the convictions for lying to the grand jury, appellants argue that their statements did not violate § 1623 because their statements did not influence, mislead, or hamper the grand jury. They assert that their indictment by the grand jury shows that their statements did not affect the grand jury.

 Appellants read § 1623 incorrectly. The Government need not prove that appellants' declarations actually influenced, obstructed, misled, or hampered the grand jury. Instead, it is sufficient if the declarations could have or tended to have that effect. *United States v. Kekich*, 590 F.2d 750, 751–52 (8th Cir. 1979); *United States v. Beitling*, 545 F.2d 1106, 1109–10 (8th Cir. 1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1334, 51 L.Ed.2d 596 (1977).

 Appellants also argue that the § 1623 convictions cannot stand because the court reporter at the grand jury hearing could not understand them. The prosecutor repeated appellants' testimony when the reporter had difficulty. This does not warrant upsetting appellants' convictions. The reporter asked appellants to repeat statements only a few times. When the prosecutor repeated appellants' testimony to the reporter, the appellants confirmed the accuracy of the statements. Appellants also argue that the grand jurors misunderstood their slang. It was up to the jury to decide whether appellants' statements were slang or lies. *See United States v. Young*, 618 F.2d at 1290.

The instructions to the jury were correct. The verdict is supported by the evidence. The judgment of the district court is affirmed.