# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3745

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Felipe Jasso Olivarria, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 11, 2012
Filed: July 26, 2012

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Felipe Jasso Olivarria of conspiracy to possess (with intent to distribute) methamphetamine, and possession of at least 50 grams of methamphetamine with intent to distribute, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(A) and 846. He appeals arguing there was insufficient evidence for the conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Shannon Wortham agreed to cooperate with a drug investigation by calling his meth supplier and requesting six ounces be delivered. On the day scheduled for delivery, investigators were in and around Wortham's residence. Two cars arrived there; Olivarria was driving one of the cars (a Honda). Domingo Gusman Lopez

(a/k/a Isaiah Castillo Figueroa), the driver of the other car, exited it and went to the window of Olivarria's car. Olivarria handed him a large styrofoam cup of meth. Figueroa carried it into Wortham's residence. Olivarria drove off and was arrested a block away. No drugs were found in the Honda or on his person when arrested. The styrofoam cup was not tested for fingerprints.

Wortham testified that the drugs were normally delivered to him in a styrofoam cup or a bag of chips. Figueroa testified he was routinely told to go different places to pick up the meth for delivery–often Olivarria's house. On the day of the arrest, he had been directed again to Olivarria's house to pick up meth for delivery. Figueroa testified Olivarria did not know that the drugs were hidden in his house but he did know that there was meth in the cup. He also testified Olivarria knew they were delivering meth and Olivarria was to get $100 for driving the cup to Wortham's.

Sufficiency of the evidence is reviewed de novo. *United States v. Moran*, 612 F.3d 684, 690 (8th Cir. 2010). All reasonable inferences supporting the jury verdict are accepted. *Id.* The verdict will be upheld if any interpretation of the evidence could lead a reasonable jury to find guilt beyond a reasonable doubt. *Id.*

Olivarria argues that the proof at trial was insufficient, asserting that there was no evidence that he made any agreement to intentionally distribute drugs. He emphasizes that his mere presence with someone selling drugs is not enough to establish membership in a conspiracy. *United States v. Cuervo*, 354 F.3d 969, 985 (8th Cir. 2004). To prove conspiracy the government must show (1) a conspiracy existed, (2) Olivarria knew it existed and its purpose, and (3) he knowingly joined it. *United States v. Rolon-Ramos*, 502 F.3d 750, 754 (8th Cir. 2007). A conspiracy may be proved by circumstantial evidence. *Id.* Even a minor conspirator's conviction is upheld if there is sufficient evidence of a connection to the conspiracy. *Id.*

Almost all of Olivarria's sufficiency argument is an attack on the credibility of the witnesses against him. "It is the function of the jury, not an appellate court, to resolve conflicts in testimony or judge the credibility of witnesses." *United States v. Harrison*, 671 F.2d 1159, 1162 (8th Cir. 1982) (per curiam). "Such credibility findings 'are virtually unreviewable on appeal.'" *United States v. Hernandez*, 569 F.3d 893, 897 (8th Cir. 2009) (quoting *United States v. Boyce*, 564 F.3d 911, 916 (8th Cir. 2009)).

There was evidence that: (1) Figueroa and his suppliers conspired to distribute meth to Wortham; (2) on the day of his arrest, Olivarria drove a Honda and Figueroa drove another car to Wortham's; (3) when they arrived, Figueroa exited his car, Olivarria handed him a cup of meth; and, (4) Figueroa was to pay Olivarria $100 for driving the meth to Wortham's. The reasonable inferences and interpretation of the evidence support the verdict.

\* \* \* \* \* \* \* \*

The judgment of the district court[1] is affirmed.

_____

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.