# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-2198

———————————————

United States of America

*Plaintiff - Appellee*

v.

Ishmael Kosh

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

——————————

Submitted: November 15, 2016
Filed: January 27, 2017
[Unpublished]

——————————

Before BENTON and SHEPHERD, Circuit Judges, and STRAND, District Judge[1].

——————————

PER CURIAM.

A jury convicted Ishmael Kosh of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and of eight counts of aiding the preparation and

———————————————

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa, sitting by designation.

presentation of false and fraudulent tax returns, in violation of 26 U.S.C. § 7206(2). Kosh asserts the evidence is insufficient. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Chatonda Khofi recruited Kosh to join PrimeTime Tax Service in 2006. As manager of the Brooklyn Center office, Kosh was one of the few employees who without Khofi's assistance, prepared and filed tax returns. Kosh listed dependents on tax returns, who had no connection to the taxpayer. One taxpayer, seeing a dependent she knew nothing about on her 2007 return, told Kosh not to file her 2008 return unless she was present, but he did so anyway—including a different unknown dependent. Kosh created false Schedules A and C without the taxpayer's knowledge. In order to increase refunds, PrimeTime employees consistently used these tactics, in addition to falsifying earned income credits, child tax credits, and filing statuses. After paying the normal fees, taxpayers paid some of their refund back to Kosh (when he prepared the return). PrimeTime employees—sometimes Kosh—deducted part of the taxpayer's refund debit card, or accompanied taxpayers when cashing their refund checks.

At the close of the government's case, the district court[2] denied Kosh's Rule 29 motion as to the counts on appeal. Since he did not renew his motion after the close of all the evidence, review is for plain error, not for sufficiency alone. *United States v. Calhoun*, 721 F.3d 596, 600 (8th Cir. 2013). Plain error requires an "(1) error (2) that was plain, (3) that affects [his] substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* An error occurs if, "viewing the evidence in the light most favorable to the verdict, no reasonable fact-finder could have found [defendant] guilty beyond a reasonable doubt." *United States v. Anderson*, 570 F.3d 1025, 1029-30 (8th Cir. 2009). Any

---

[2]The Honorable John R. Tunheim, Chief Judge, United States District Judge for the District of Minnesota.

credibility issues are resolved in favor of the verdict. *United States v. Johnson*, 688 F.3d 494, 502 (8th Cir. 2012).

Kosh admits filing false tax returns. He contests only that he committed a "voluntary, intentional violation of a known legal duty." *See Cheek v. United States*, 498 U.S. 192, 201 (1991). Relying mostly on his own testimony, he claims he was "entirely ignorant" of tax law, saying he relied on Khofi's instructions and assurances. *See United States v. Giambalvo*, 810 F.3d 1086, 1094 (8th Cir. 2016) (holding a good-faith, subjective belief defeats liability for filing false tax returns).

Kosh, then studying (and later completing degrees in) neuroscience and economics, had the "ability to form the requisite wilful intent." *United States v. Rischard*, 471 F.2d 105, 108 (8th Cir. 1973). PrimeTime processed hundreds of tax returns from 2006 to 2009. Kosh, preparing returns twelve hours a day, seven days a week, was the "boss" of the Brooklyn Center office. *See United States v. Fletcher*, 322 F.3d 508, 513 (8th Cir. 2003). His consistent pattern of false reporting supports the verdicts. *See United States v. Morris*, 723 F.3d 934, 941 (8th Cir. 2013) (holding that "consistent patterns of misrepresentation" in tax returns supported willful conduct inference). Taxpayers confronted Kosh about letters they received from the Minnesota Department of Revenue about excessive dependents and Schedules C. *See United States v. Hawkins*, 796 F.3d 843, 868 (8th Cir. 2015) (holding state agency's order "surely dispelled" any doubts defendant had about legality of his conduct). He told them not to worry, he will fix everything, and at least once said that the Department of Revenue does it to everybody. *See Fletcher*, 322 F.3d at 515 (finding significant the fact that a taxpayer addressed illegality concerns to defendant). His tax preparation practices did not change. He used false preparer tax-identification numbers on returns, routinely added false information without the taxpayer's knowledge, and created false information returns the night before an IRS inspection of his office. *See id.* at 514 (fabricating invoice before an IRS audit supports an intent to "defraud the government by interfering with IRS functions"); *United States*

*v. Bliss*, 735 F.2d 294, 301 (8th Cir. 1984) (holding that "efforts to conceal the true nature of the numerous check transactions" support willfulness).

Because a reasonable fact-finder could find Kosh guilty beyond a reasonable doubt, no error occurred.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____